**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RODOLFO JOSE HERRERA-CONTRERAS,** | ) | |
| **Plaintiff,** | ) | **NO. 3:26-cv-01796** |
| **v.** | ) | **JUDGE CAMPBELL** |
| **CHRISTOPHER S. BULLOCK, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Pending before the Court is Plaintiff's motion for an emergency temporary restraining order ("TRO") that enjoins Defendants from conducting, compelling, or re-scheduling the credible fear interview ("CFI") currently scheduled for November 11, 2026, at 501 Brick Church Park Pike in Nashville, Tennessee. (Doc. No. 2).

Plaintiff is a citizen of Venezuela and has continuously resided in the United States since 2021. (Doc. No. 1 ¶ 25). In 2021, DHS processed Plaintiff for expedited removal and issued him a Form I-860, Notice and Order of Expedited Removal. (*Id.* ¶ 3). On July 21, 2021, Plaintiff was released on interim parole. (*Id.* ¶ 4). USCIS received an affirmative asylum application from Plaintiff on or about October 11, 2022. (*Id.* ¶ 5). This was Plaintiff's only asylum application, and information available online indicates that USCIS subsequently closed that application. (*Id.*).

On the morning of October 16, 2026, Plaintiff appeared as usual for an annual ICE check-in at 501 Brick Church Park Pike in Nashville, Tennessee. (*Id.* ¶ 7). During that check-in, ICE arrested him and took him into custody. (*Id.* ¶ 8). Later in the afternoon of October 16, ICE created an I-213 form describing the check-in and arrest. (*Id.* ¶ 9). In the narrative of that form, ICE describes two actions they took: submitting Plaintiff's case to immigration court at the Executive Office for Immigration Review ("EOIR") in LaSalle, Louisiana, and serving Plaintiff

with an I-862 Notice to Appear. (*Id.*). That same day, ICE transported Plaintiff to West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, where he was held in detention. (*Id.* ¶ 10).

On October 26, 2026, the United States District Court for the Western District of Tennessee granted a petition for habeas corpus in favor of Plaintiff, ordering his release from WTDF. (*Id.* ¶ 11). In addition to ordering Plaintiff's release, the Western District's Order enjoined Defendant Bullock from pursuing Plaintiff's detention under 8 U.S.C. § 1225(b)(2)(A) or Section 1225(b)(1)(B)(ii). (*Id.* ¶ 12).

On the morning of October 27, 2026, hours before his release from WTDF, Plaintiff was summoned by a guard to take what was described as a phone call from his lawyer. (*Id.* ¶ 14). Awaiting on the phone line was instead an asylum officer from USCIS Division 3 ("Asylum Officer") seeking to conduct a CFI. (*Id.*). Plaintiff explained to the Asylum Officer that he had received no advance notice of this CFI and asked that Counsel join the call. (*Id.*). At about 8:50 a.m. Central Time, Asylum Officer called Counsel with Plaintiff still on the line. (*Id.* ¶ 15). Counsel explained to the Asylum Officer that he likewise had no notice regarding this CFI. (*Id.*). Counsel also inquired why a CFI would be necessary for a closed asylum application. (*Id.*). After placing the participants on hold, the Asylum Officer advised that the CFI would be rescheduled for November 11, 2026. (*Id.* ¶ 16).

Counsel contacted USCIS Division 3 seeking confirmation of the affirmative asylum application's status and legal basis for this new CFI. (*Id.* ¶ 17). In response, USCIS issued a formal G-56 and M-444, scheduling Plaintiff for a CFI at 7:00 a.m. on November, 11, 2026. (*Id.*). The G-56 and M-444 state that Plaintiff is "required to appear before U.S. Citizenship and Immigration Services" on November 11, 2026. (*Id.* ¶ 18). However, the location is listed as "Immigration and Customs Enforcement" at 501 Brick Church Park Pike, which is an ICE sub-

office and holding facility. (*Id.*). USCIS has offices in Nashville at 340 Plus Park Blvd and 1400 Donelson Pike, which are not ICE sub-offices and not holding facilities. (*Id.*). Thus, Plaintiff is concerned that the CFI is scheduled to facilitate a re-detention under Section 1225(b)(1)(B)(ii) – which applies to noncitizens who, due to a positive finding of credible fear of persecution if returned to their home country, are placed in mandatory detention while their "asylum applications are under consideration" – in violation of the Western District's October 26, 2026 Order. (*Id.* ¶¶ 13, 18). The 501 Brick Church Park Pike holding facility in Nashville is the same place Plaintiff had been illegally arrested by ICE on October 16.

Plaintiff filed the present action under the Administrative Procedures Act seeking declaratory and injunctive relief. Specifically, Plaintiff seeks a declaratory judgment stating that Defendants have no jurisdiction over CFIs under 8 C.F.R. § 1208.2(b) over Plaintiff. In addition to the emergency injunctive relief requested through the pending motion, the complaint seeks permanent injunctive relief enjoining Defendants from attempting to schedule a CFI over Plaintiff without first identifying the legal authority being relied upon and identification of the specific asylum application to which the CFI relates.

Defendants shall respond to the pending motion as soon as reasonably practicable. The Defendants **shall** include in their response the legal basis for the October 27 attempted CFI and November 11 CFI as well as their reason for pursuing a CFI after USCIS closed Plaintiff's asylum application and scheduling the CFI on a federal holiday. The Court also takes judicial notice of the fact that a federal district court has enjoined Defendant Bullock from pursuing Plaintiff's detention under 8 U.S.C. § 1225(b)(2)(A) or Section 1225(b)(1)(B)(ii).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE